IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANNON L. MACKINS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 1:20-CV-00108 SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) No. 1:16-CR-00009 SNLJ |
| | ) (related criminal case number) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

### **Introduction**

This case is before the Court on Brannon L. Mackins Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody. Mackins is presently serving a 108-month sentence in the Bureau of Prisons following his guilty plea to an Indictment charging him with being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Relying on *Rehaif v. United States*, 139 S.Ct. 2191 (2019), Mackins asserts the Indictment was defective because it did not include an allegation that he *knew* he had previously been convicted of a crime punishable by imprisonment for more than one year. For the reasons stated below, this Court will deny Mackins' petition without an evidentiary hearing.

1

## Factual and Procedural Background

On December 4, 2015, law enforcement officers observed Mackins, who had an outstanding felony warrant for his arrest, walking on a sidewalk in Cape Girardeau, Missouri. Docket No. 1:16-CR-00009-SNLJ, Doc. # 33 (Presentence Investigation Report, hereafter "PSR") ¶ 12; *United States v. Mackins*, 702 Fed.Appx. 485, 486 (8th Cir. 2017) (unpublished). When officers exited their patrol cars to speak with him, Mackins evaded them and quickly walked into a residential backyard. *Id.* After Mackins became effectively trapped in the fenced-in yard, he provided officers with a fictitious name, date of birth, and social security number. *Id.* Following a brief investigation on scene, officers confirmed Mackins' identity and attempted to place him in handcuffs. *Id.* at 487. Mackins physically resisted arrest. During a prolonged and "substantial struggle," Mackins repeatedly attempted to reach for one of his pockets. *Id.* Officers were eventually able to secure Mackins in handcuffs and he was taken into custody. *Id.* A 9mm semi-automatic pistol was recovered from the pocket Mackins was continuously reaching for during the struggle. *Id.*; PSR ¶ 14. The pistol was loaded with one round in the chamber and seven rounds in the magazine. *Id.* Mackins also had approximately four grams of methamphetamine on his person. *Id.* A criminal record check revealed Mackins had several felony convictions and was an active

parole absconder. PSR ¶ 40.

In January 2016, a grand jury in the Eastern District of Missouri returned an Indictment charging Mackins with being a previously convicted felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1). Doc. # 1, 2. Assistant Federal Public Defender (AFPD) Jennifer L. Booth was appointed to represent Mackins in the case. Doc. # 8, 10. On March 22, 2016, Mackins pled guilty to the Indictment pursuant to a written guilty plea agreement. Doc. # 24, 25. This Court accepted Mackins' guilty plea and ordered the United States Probation Office to prepare a Presentence Investigation Report (PSR) prior to sentencing.

As part of the sentencing guidelines calculations, the PSR outlined Mackins' criminal history. Among other convictions, Mackins was convicted of two separate felony offenses in the Circuit Court of New Madrid County, Missouri related to a July 2007 shooting. PSR ¶ 40 (docket no. 07NM-CR00881). According to court records, Mackins pled guilty to the felony offense of Assault in the Second Degree (for "knowingly caus[ing] physical injury to [the victim] by means of a deadly weapon by shooting him") and the felony offense of Unlawful Use of a Weapon (for "knowingly exhibit[ing], in the presence of one or more persons a gun, a weapon readily capable of lethal use, in an angry or threatening manner"). Id. On June 10, 2008, Mackins was sentenced to serve a total of ten (10) years in the Missouri

Department of Corrections as a result of these convictions. *Id.* Six years later, in May 2014, Mackins was released from incarceration and placed on parole supervision. *Id.*

Because at least one of these convictions qualified as a "crime of violence," the PSR determined the base offense level was 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). PSR ¶ 23. The PSR also recommended that four levels should be added pursuant to U.S.S.G. § 2K2.1(b)(6)(B) because Mackins possessed the firearm in connection with another felony offense. PSR ¶ 24. After applying a three-level deduction for acceptance of responsibility, the PSR's recommended total offense level was 21. PSR ¶¶ 30-32. The PSR further determined that Mackins had a total of five criminal history points, establishing a criminal history category of III. PSR ¶¶ 40-44. Based on these calculations, the PSR recommended a guideline imprisonment range of 46-57 months. PSR ¶ 69.

The government objected to the guidelines calculations in the PSR. Doc. # 27. In the government's view, Mackins' conduct warranted a six-level "Official Victim" enhancement under U.S.S.G. § 3A1.2(c)(1), which applies when a defendant assaults a law enforcement officer "in a manner creating a substantial risk of serious bodily injury." At sentencing, the government presented testimony from one of the officers involved in Mackins' arrest. Doc. # 40. After considering the testimony, this Court expressly found the evidence was sufficient to support

4

application of the enhancement. Mackins' total offense level was accordingly raised to 27, resulting in an advisory guideline range of 87-108 months. Upon full consideration of the statutory sentencing factors in 18 U.S.C. § 3553(a), this Court ultimately imposed a top-of-the-guideline sentence of 108 months' imprisonment, followed by a three-year term of supervised release. Doc. # 43, 44.

Mackins appealed his sentence, specifically challenging the application of the six-level "Official Victim" enhancement. The Court of Appeals affirmed the sentence in an unpublished opinion issued on July 28, 2017. *United States v. Mackins*, 702 Fed.Appx. 485 (8th Cir. 2017) (per curiam). The mandate was issued on August 30, 2017.

Mackins has now filed a motion to vacate his conviction and sentence in light of *Rehaif*, where the Supreme Court held the government must prove a defendant knew he belonged to the relevant category of persons barred from possessing a firearm in a prosecution under 18 U.S.C. § 922(g). *Rehaif*, 139 S.Ct. at 2200.[1]

**General Standard for Ineffective Assistance of Counsel Claims**

In order to prevail on a claim alleging ineffective assistance of counsel, the movant has the burden of proving his claims for relief by a preponderance of the evidence. The Supreme Court of the United States established the applicable

---

[1] At issue in *Rehaif* was the defendant's knowledge of his status as an unlawful alien. The holding prospectively extends to all nine categories of persons prohibited from possessing firearms under 18 U.S.C. § 922(g), including those convicted of a crime punishable by imprisonment for more than one year.

standard in *Strickland v. Washington*, 466 U.S. 668 (1984). A movant must plead and prove two related but independent issues. First, the movant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* at 687. Second, a movant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the movant of a fair trial, *i.e.*, a trial whose result is reliable. *Id.*

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, a defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A motion filed under 28 U.S.C. ' 2255 should be denied without an evidentiary hearing when the court records conclusively show that the movant is not entitled to relief. The statute provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant

a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

The movant bears the burden of establishing the need for an evidentiary hearing, and the district court is vested with discretion in determining whether to hold such a hearing. *United States v. Oldham,* 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, would entitle the movant to relief. *Payne v. United States,* 78 F.3d 343, 347 (8th Cir. 1996). When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States,* 1 F.3d 697, 699 (8th Cir. 1993). An evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz,* 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States,* 957 F.2d 571, 573 (8th Cir. 1992).

## Mackins Claim is Subject to Procedural Default

Mackins did not raise a knowledge-of-prohibited-status objection in this Court before his guilty plea, nor did he raise the issue on direct appeal. As a "general rule," claims not raised at trial or on direct appeal "may not be raised on collateral review." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Accordingly, Mackins' *Rehaif* claim is subject to procedural default. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (explaining a claim that a plea was involuntary and unknowing is procedurally defaulted on collateral review if the issue was not first raised on direct appeal).

In order to overcome the procedural-default obstacle, a movant must show both "cause" for the default and "actual prejudice" from the asserted error. *Bousley*, 523 U.S. at 622. Further, to establish an error caused actual prejudice, a movant must show the asserted error worked to his "actual and substantial disadvantage[.]" *United States v. Frady*, 456 U.S. 152, 171 (1982). Even assuming, *arguendo*, that Mackins can successfully show "cause" for the default, the record conclusively establishes he cannot show the asserted *Rehaif* error resulted in "actual prejudice." Mackins is simply unable to demonstrate a reasonable probability that, but for the error, he would not have entered the plea.

In *Rehaif*, the Supreme Court held that, in order to be convicted under 18

8

U.S.C. § 922(g), the government "must prove that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. In so holding, the Supreme Court recognized that "knowledge can be inferred from circumstantial evidence." *Id.* at 2198. Here, Mackins had been sentenced to serve ten years in the Missouri Department of Corrections for intentionally shooting another person. PSR ¶ 40. And he was incarcerated for approximately six years before he was released on parole. *Id.* Any notion that Mackins was somehow unaware of his status as a convicted felon is patently implausible. As the Eighth Circuit has recognized, the "lack of a plausible ignorance defense means that any § 922(g) defendant who served more than a year in prison on a single count of conviction will face an uphill battle to show that a Rehaif error in a guilty plea affected his substantial rights." *United States v. Caudle*, 968 F.3d 916, 922 (8th Cir. 2020) (citation omitted). *See also United States v. Hollingshed,* 940 F.3d 410, 416 (8th Cir. 2019) (applying plain error review to *Rehaif* claim raised on direct appeal and concluding that, because defendant had served approximately four years in prison on prior conviction, he could not "show a reasonable probability that, but for the error, the result of the proceeding would have been different."); *United States v. Everett*, 977 F.3d 679, 686-87 (8th Cir. 2020) (accord); *United States v. Welch*, 951 F.3d 901, 907 (8th Cir.

2020) (no plain error when defendant was previously incarcerated for more than one year).

## **CONCLUSION**

The records and files in this case conclusively establish that Mackins is not entitled to relief. Therefore, Mackins' motion is denied without an evidentiary hearing.

Dated this 5th day of February, 2021

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE